IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CB LEGAL SEARCH, LLC | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:09-cv-03130 |
| | § | JURY DEMANDED |
| LEWIS BRISBOIS BISGAARD | § | |
| AND SMITH LLP | § | |

## DEFENDANT'S ORIGINAL ANSWER
## (DEMAND FOR JURY TRIAL)

Defendant, Lewis Brisbois Bisgaard and Smith LLP answers Plaintiff's Original Petition ("**Petition**") as follows:

**1.**

**DISCOVERY CONTROL PLAN**

1.  The allegations in section 1 of the Petition constitute statements of law and therefore do not require a response. If a response is necessary, Defendant denies these allegations.

**2.**

**PARTIES**

2.  Defendant lacks information sufficient to form a belief as to the truth of the allegations in the 1st sentence of section 2 of the Petition.

3.  Defendant admits the allegations in the 2nd sentence of section 2 of the Petition.

4.  The allegations in the 3rd sentence of section 2 of the Petition constitute statements of law and therefore do not require a response. If a response is necessary, Defendant denies these allegations.

5.  The allegations in the 4th sentence of section 2 of the Petition constitute statements of law and therefore do not require a response. If a response is necessary, Defendant denies these allegations.

**3.**

**VENUE AND JURISDICTION**

6. The allegations in the 1st sentence of section 3 of the Petition constitute statements of law and therefore do not require a response. If a response is necessary, Defendant denies these allegations.

7. Defendant denies the allegations in the 2nd sentence of section 3 of the Petition.

8. Defendant denies the allegations in the 3rd sentence of section 3 of the Petition.

9. Defendant denies the allegations in the 4th sentence of section 3 of the Petition.

10. Defendant denies the allegations in the 5th sentence of section 3 of the Petition.

**4.**

**BACKGROUND FACTS**

11. Defendant lacks information sufficient to form a belief as to the truth of the allegations in the 1st sentence of section 4 of the Petition.

12. Defendant admits the allegations in the 2nd sentence of section 4 of the Petition.

13. Defendant admits the allegations in the 3rd sentence of section 4 of the Petition.

14. Defendant denies the allegations in the 4th sentence of section 4 of the Petition.

15. Defendant denies the allegations in the 5th sentence of section 4 of the Petition.

16. Defendant denies the allegations in the 6th sentence of section 4 of the Petition.

17. Defendant admits the allegations in the 7th sentence of section 4 of the Petition that Plaintiff sent Defendant billing and collection information regarding Bollinger, Ruberry & Garvey. Defendant lacks information sufficient to form a belief as to the truth of the allegations that Plaintiff relied on communication and other assurances. Defendant denies the remaining allegations.

18. Defendant admits the allegations in the 8th sentence of section 4 of the Petition that Defendant received billing and collection information regarding Bollinger, Ruberry & Garvey. Defendant denies the remaining allegations.

19. Defendant denies the allegations in the 9th sentence of section 4 of the Petition.

20. Defendant denies the allegations in the 10th sentence of section 4 of the Petition.

21. Defendant admits the allegations in the 11th sentence of section 4 of the Petition that Plaintiff did not receive any compensation from Defendant. Defendant denies the remaining allegations.

### 5.

### CAUSES OF ACTION

22. The allegations in the 1st sentence of section 5 of the Petition do not require a response. If a response is necessary, Defendant denies these allegations.

#### *Promissory Estoppel*

23. Defendant admits the allegations in the 2nd sentence of section 5 of the Petition that the Confidentiality and Nondisclosure Agreement signed by Defendant was honored by Defendant. Defendant denies the remaining allegations.

24. Defendant denies the allegations in the 3rd sentence of section 5 of the Petition that Defendant made promises to the Plaintiff. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations.

25. Defendant denies the allegations in the 4th sentence of section 5 of the Petition.

26. The allegations in the 5th sentence of section 5 of the Petition do not require a response. If a response is necessary, Defendant denies these allegations.

#### *Quantum Meruit*

27. Defendant lacks information sufficient to form a belief as to the truth of the allegations in the 6th sentence of section 5 of the Petition.

28. Defendant denies the allegation in the 7th sentence of section 5 of the Petition.

29. Defendant denies the allegation in the 8th sentence of section 5 of the Petition.

30. Defendant denies the allegations in the 9th sentence of section 5 of the Petition.

### *Negligent Misrepresentation*

31. Defendant denies the allegations in the 10th sentence of section 5 of the Petition.

32. Defendant denies the allegations in the 11th sentence of section 5 of the Petition.

33. Defendant denies the allegations in the 12th sentence of section 5 of the Petition.

### *Fraud*

34. Defendant denies the allegations in the 13th sentence of section 5 of the Petition.

35. Defendant admits the allegations in the 14th sentence of section 5 of the Petition that the Confidentiality and Nondisclosure Agreement signed by Defendant was honored by Defendant. Defendant denies the remaining allegations in the 14th sentence of section 5 of the Petition.

36. Defendant denies the allegations in the 15th sentence of section 5 of the Petition.

37. Defendant denies the allegations in the 16th sentence of section 5 of the Petition.

38. Defendant denies the allegations in the 17th sentence of section 5 of the Petition.

39. Defendant denies the allegations in the 18th sentence of section 5 of the Petition.

40. Defendant denies the allegations in the 19th sentence of section 5 of the Petition.

41. Defendant denies the allegations in the 20th sentence of section 5 of the Petition.

42. Defendant denies the allegations in the 21st sentence of section 5 of the Petition.

43. Defendant denies the allegations in the 22nd sentence of section 5 of the Petition.

**6.**

**ATTORNEY'S FEES**

44.     The allegations in the 1st sentence of section 6 of the Petition constitute statements of law and therefore do not require a response.  If a response is necessary, Defendant denies these allegations.

45.     The allegations in the 2nd sentence of section 6 of the Petition do not require a response.  If a response is necessary, Defendant denies these allegations.

**7.**

**CONDITIONAL PRECEDENT**

46.     The allegations in section 7 of the Petition constitute statements of law and therefore do not require a response.  If a response is necessary, Defendant denies these allegations.

**8.**

**REQUEST FOR DISCLOSURE**

47.     The allegations in section 8 of the Petition constitute statements of law and therefore do not require a response.  If a response is necessary, Defendant denies these allegations.

**9.**

**PRAYER**

48.     The allegations in section 8 of the Petition do not require a response.  If a response is necessary, Defendant denies these allegations.

**AFFIRMATIVE DEFENSES**

49.     Defendant affirmatively pleads failure of consideration.

50.     Defendant affirmatively pleads waiver and/or estoppel.

51.     Plaintiff has failed to plead fraud with sufficient particularity.

52. The Petition fails to state a claim upon which relief can be granted against Defendant.

53. Plaintiff has failed to satisfy all conditions precedent.

54. Defendant reserves the right to modify, supplement and/or amend its answer and affirmative defenses to the extent necessary to conform with additional factual information as it becomes available or after completion of discovery.

## DEMAND FOR JURY TRIAL

55. Defendant hereby demands trial by jury of all issues so triable.

WHEREFORE Defendant prays that its Answer and Affirmative Defenses be deemed good and sufficient and, after due proceedings are had, that there be judgment herein in its favor, dismissing all claims of Plaintiff with prejudice, at its cost; that Defendant be awarded a judgment for the costs of suit and attorneys' fees incurred herein; and that this Court grant any other and additional relief as this Court deems proper.

          Respectfully submitted,

          /s/ Elizabeth D. (Lisa) Alvarado
          Elizabeth D. (Lisa) Alvarado
          Texas Bar No. 01125980
          Southern District No. 10317
          909 Fannin St., Suite 2400
          Houston, Texas  77010
          (713) 646-5516 (Telephone)
          (713) 752-0337 (Facsimile)

          ATTORNEY IN CHARGE FOR DEFENDANT,
          LEWIS BRISBOIS BISGAARD AND SMITH LLP

OF COUNSEL:
SHANNON, MARTIN, FINKELSTEIN & ALVARADO
A Professional Corporation
Alicia M. Matsushima
Texas Bar No. 24002546
909 Fannin St., Suite 2400
Houston, Texas  77010
(713) 646-5516 (Telephone)
(713) 752-0337 (Facsimile)

## **CERTIFICATE OF SERVICE**

On October 5, 2009, a copy of the foregoing instrument was served by certified mail, return receipt requested on Muhammad S. Aziz, Abraham, Watkins, Nichols, Sorrels, Agosto & Friend, 800 Commerce St., Houston, Texas 77002.

/s/ Elizabeth D. (Lisa) Alvarado
Elizabeth D. (Lisa) Alvarado